**NOT FOR PUBLICATION**

**FILED**

SEP 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH CLARK,<br><br>Petitioner-Appellant,<br><br>v.<br><br>MATTHEW CATE, Secretary, California Department of Corrections and Rehabilitation,<br><br>Respondent-Appellee. | No. 18-55452<br><br>D.C. No.<br>5:10-cv-01081-DMG-JCG<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted September 11, 2019
Pasadena, California

Before: OWENS, R. NELSON, and MILLER, Circuit Judges.

California state prisoner Kenneth Clark appeals from the district court's

denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction

for second-degree murder. The district court rejected Clark's argument that his

untimely petition should be reviewed on the merits because he passes through the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

actual innocence gateway. Because the parties are familiar with the facts, we do not recount them here. We affirm.

"The standard of review for a *Schlup* claim is not entirely settled in this circuit." *Stewart v. Cate*, 757 F.3d 929, 938 (9th Cir. 2014). We need not determine whether *Schlup* claims should be reviewed de novo or for abuse of discretion, however, because Clark's actual innocence claim fails under either standard.

To pass through the actual innocence gateway, Clark must show it is "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt[.]" *House v. Bell*, 547 U.S. 518, 538 (2006). Here, Clark did not present "new reliable evidence," *Schlup v. Delo*, 513 U.S. 298, 324 (1995), to overcome this "demanding" and "seldom met" standard. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (citation omitted).

Despite Monroe Thomas's numerous recantations, his inconsistent statements did not offer a "trustworthy eyewitness account[]." *Schlup*, 513 U.S. at 324. Because "[r]ecantation testimony is properly viewed with great suspicion," Clark has not proved it is more likely than not that no reasonable juror would credit Thomas's pre-trial statements and trial testimony over his recantations. *Jones v. Taylor*, 763 F.3d 1242, 1248 (9th Cir. 2014) (citation omitted).

2

Clark also failed to prove that no reasonable juror would discount the additional four eyewitnesses' testimony. All four new eyewitnesses had a personal connection to Clark, came forward eleven years after the crime, and offered accounts of the shooting with some important inconsistencies.

Ultimately, although Clark presented a significant amount of new evidence, the district court correctly concluded that the new evidence was not reliable, and Clark therefore did not meet his burden to demonstrate it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt.

**AFFIRMED**.